IN THE SUPERIOR COURT OF GUAM

LUCIA M. KLOULUBAK, in her capacity as )
Administratix of the ESTATE OF HARVEY )
KLOULUBAK, )
)
                Plaintiff, )
)
      vs. )
)
BETSY MILLER, )
)
            Defendant. )
                          )

CIVIL CASE NO. CV0957-12

DECISION AND ORDER

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff Lucia M. Kloulubak's motion for reconsideration filed February 5, 2014. Opposition to this motion was filed by Plaintiff on February 14, 2014. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant Betsy Miller and Harvey Kloulubak (hereinafter "Harvey") began living together in 1988. On April 6, 1989, Harvey sold the real property they lived on, described as Lot No. 2152-2 in Dededo, Guam. Harvey then purchased and received title of property, described as Lot No. 2265-REM-6-10 Barrigada, Guam, Guam Estate No. 18665 and the property in question, (hereinafter "Lot No. 226-REM-6-10") by virtue of warranty deed from David Nigel Peacock. This transaction was recorded at the Department of Land Management on June 29, 1990. Defendant alleges that they purchased the house together, but the house was purchased in Harvey's name only because Defendant was married to another person at that time. Defendant, Harvey, and Defendant's children lived together on the property.

On February 24, 2003, Harvey and Defendant signed a promissory note, titled the "Loan Authorization and Agreement" (hereinafter "Loan Agreement"), with the Small Business

Association for the principal sum of $200,200.00. Harvey executed a mortgage on the Lot No. 2265-REM-6-10 in order to secure payment on the promissory note. The language of the mortgage states that it was entered into between Harvey and the Small Business Administration, and that Harvey was the sole signatory to the document.

On October 27, 2011, Harvey died intestate and a petition for probate was filed with the Superior Court of Guam under Probate Case No. 0014-12. On March 15, 2012, Harvey's daughter, Plaintiff, was formally appointed as administrator of the estate. According to Plaintiff, the most valuable and only real significant asset of the estate is the house and land owned by Harvey, in which Defendant continues to reside. Defendant currently makes mortgage payments to the Small Business Administration.

On August 17, 2012, Plaintiff filed a complaint against the Defendant with the following causes of actions against Defendant: (1) trespass, (2) claim for quiet title, and (3) injunctive relief. (Complaint, 3-5, Aug. 17, 2012).

On September 5, 2012, Defendant filed an Answer and Counterclaim against Plaintiff for (1) constructive trust on the house and property, and (2) quantum meruit relief for the reasonable value of the expenses and services Defendant rendered to Harvey minus the value of the support she received from Harvey. (Answer and Counterclaim, 5-6, September 5, 2012).

On September 27, 2013, Plaintiff filed a motion for summary judgment relating to the original complaint and the counterclaim, arguing that: (1) Defendant asserts no disputed facts that can form a valid basis for a claim of interest in the estate property as a matter of law; and (2) Defendant's defenses and counterclaims for constructive trust and quantum meruit fail because there are no disputed facts that support a finding of inequitable benefit or unjust enrichment by the decedent or his estate. (Mot. Summ. J., 6-10, Sept. 27, 2013). On October 25, 2013, Defendant filed an opposition to Plaintiff's motion for summary judgment, asserting that the Loan Agreement evidences Defendant's joint ownership in the property and that Defendant is entitled to summary judgment or a trial. (Opp., 2-3, Oct. 25, 2013).

On January 24, 2014, this Court issued a Decision and Order granting in part Plaintiff's motion for summary judgment and denying it in part. Summary judgment on Plaintiff's claim

for quiet title and Defendant's counterclaim for constructive trust was granted in favor of Plaintiff. Additionally, partial summary judgment on Plaintiff's claim for trespass was granted in favor of Plaintiff. Finally, summary judgment on Plaintiff's claim for injunctive relief and Defendant's counterclaim for *quantum meruit* was denied.

## DISCUSSION

"Motions for reconsideration are appropriate where the trial court: '(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Ward v. Reyes*, 1998 Guam 1 ¶ 10 (citation omitted). Defendant quotes this same legal holding in her reconsideration motion, even if she does cite the wrong paragraph of the opinion. Def. Mtn., at 1. However, despite invoking the correct legal principle, Defendant then fails to explain which of the three situations detailed above applies to her motion, merely arguing instead that: "Defendant believes the court should reconsider this matter as set forth below." Id.

In her reconsideration motion, Defendant asserts the Court "did not address the issue that the Loan Authorization Agreement indicates that the borrowers are the legal owners of the property..." Def. Mtn., at 1. This statement is patently false. Within its ten-page Decision and Order, this Court stated:

> In opposition, Defendant puts forth that the Loan Agreement is evidence of an agreement recognizing that the house belonged to both Harvey and Defendant. (Opp., 2-3, Oct. 25, 2013); (Opp., Exhibit A, Oct. 25, 2013). The Court does not agree. The Loan Agreement is a document that evidences that Harvey and Defendant sought a promissory note with the Small Business Administration for the principal sum of $200,200.00. Am mortgage was executed on Lot. No. 226*[sic]*-REM-6-10 to secure payment on the promissory note. The document is evidence that Harvey and Defendant entered into a loan where the proceeds were to be used solely to rehabilitate property located at 239 C. Canada Toto Loop, Barrigada, Guam 96913. (Opp., Exhibit A, Oct. 25, 2013). This is no way constitutes evidence that the property belongs to both Harvey and the Defendant. However, this may be construed as evidence that Defendant engaged in conduct that improved the value of the property in question, as Lot No. 2265-REM-6-10 appears to be the property located at 239 C. Canada Toto Loop, Barrigada, Guam 96913. (Mot. Summ. J., Exhibit 9,

Sept. 27, 2013) … The Loan Agreement fails to confer title of the lot to Defendant.

*Decision and Order*, CV0957-12, J. Canto, Jan. 24, 2014, pp. 4-5.

Furthermore, the entirety of Defendant's two-page motion for reconsideration is merely a reiteration of the same argument she proffered in her three-page opposition to Plaintiff's summary judgment motion. The only difference is that Defendant is slightly more specific in her argument this time. In her opposition to summary judgment, Defendant argued that the Loan Authorization Agreement Defendant signed in conjunction with Mr. Kloulubak is evidence of Defendant's ownership of the property. Therein she stated:

> In both arguments with regard to 18 GCA §860106 and its subparagraphs, Plaintiff alleges that there is no written evidence to the agreement. However, the Loan Authorization and Agreement entered into by the parties on February 19, 2003, indicates the borrowers are the owners and hold legal title to certain real estate described in Section 2 and further that our title thereto has never been disputed or questioned as to any part thereof. (See, Agreement attached hereto and incorporated herein by this reference as Exhibit "A"). The agreement was given to both HARVEY and MILLER (Borrower). Borrower would provide the following collateral (the home). Further, Borrower will not sell or transfer any collateral without the prior written consent of the SBA. Contrary to the assertion of Plaintiff, the document executed by HARVEY and MILLER clearly evidences a writing that he acknowledged that MILLER was indeed an owner of the property being mortgaged with SBA. The Agreement is certainly a memorandum or note recognizing the agreement that the house belonged to both HARVEY and MILLER. It was done to obtain a loan against the property in question and was relied upon by the SBA in granting this loan.

Def. Opp. to Summ. J. Mtn., pp. 2-3.

In her reconsideration motion, Defendant puts forth the same argument as she did in her opposition to summary judgment, stating:

> The document which the court was addressing is the Loan Authorization Agreement dated February 19, 2003, and attached to Defendant's Opposition to Motion for Summary Judgment. That document, in paragraph 11F states:
>
> > The Borrowers are the owners and hold legal title to certain real estate property fully described in Section 2, Collateral. Said premises are in my/our possession and my/our title thereto has never been disputed or question as to any part thereof. …

Further, in paragraph 12A, it provides:

> Any person who knowingly makes a false statement or misrepresentation to SBA shall be subject to a fine of not more than Ten Thousand Dollars or to imprisonment of not more than 5 years or both, under provisions of 18 USC 1001 and/or 15 USC 645.

> The decedent and Betsy Miller, Defendant herein, asserted on the 24th day of February, 2003, upon executing the Loan Authorization that they were the owners of this property, and their statement was subject to criminal penalties of which include obtaining a loan, by false statement.

Def. Mtn., at 1-2.

As seen above, Defendant makes the same argument in her reconsideration motion as she made in her opposition to summary judgment. Because Defendant failed to enunciate her argument as to which aspect appropriate for reconsideration she is advancing, the Court is left to guess at it. However, if Defendant meant to argue that, by rearticulating or clarifying her previous argument, she is presenting the Court with new evidence for consideration, she would be wrong. As the Guam Supreme Court held:

> Ward's failure to submit available evidence in support of his opposition to the Motion to Dismiss does not make such evidence 'newly discovered' as is necessary to satisfy the standards for a Motion for Reconsideration. It was not an abuse of discretion to deny a Motion to Reconsider when the Motion is supported by evidence which could have and should have been presented to the trial court during consideration of the original Motion to Dismiss.

*Ward v. Reyes*, 1998 Guam 1 ¶ 13 (internal citations omitted).

Essentially, Defendant attempts to use the vehicle of a motion for reconsideration to merely restate the same argument the Court rejected once before. The Guam Supreme Court flatly prohibits this practice: "[A] reconsideration motion … cannot be used to introduce available evidence which was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits". *Id.* (citations omitted). Defendant cannot legitimately move for reconsideration by just rephrasing or further detailing her previous argument. "[Reconsideration] motions are both 'procedurally and substantively deficient' if they simply reiterate in greater detail arguments previously made before the court. 'Supplementing and

further detailing previous arguments are not sufficient bases for reconsideration'". *Guam Bar Ethics Committee v. Maquera*, 2001 Guam 20 ¶ 9 (citations omitted).

What is equally alarming is that it appears Defendant made a misrepresentation to this Court regarding the evidence in this case. As outlined above, Defendant argues in her reconsideration motion that the Loan Authorization and Agreement states at paragraph 11F as follows: "The Borrowers are the owners *[sic]* and hold legal title to certain real estate property fully described in Section 2, *[sic]* Collateral." Def. Mtn., at 2 (emphasis added). Yet in reality, paragraph 11F of the document, attached as Exhibit "A" to Defendant's opposition to summary judgment, states: "The Borrower(s) are the owner(s) of and hold legal title to certain real estate property fully described in Section 2--Collateral." Ex. A, Def. Opp. to Summ. J. Mtn. (emphasis added). What is disturbing about this misrepresentation is that it seems calculated to mislead the Court into believing the document makes a definitive and unequivocal acknowledgement that both borrowers are joint owners of the subject property. To the contrary, the actual language in the document is merely boilerplate, with an option for the use of either a singular or plural reference, and contains no such determination that the subject property is jointly owned by both borrowers.

As a collateral matter, it is necessary for this Court to note that Guam R. Civ. P. Rule 11 states in pertinent part:

> By presenting to the Court … a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law for the establishment of new law;

///

///

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; ...

Guam R. Civ. P. Rule 11(b) (2010).

The Court may impose sanctions upon the attorneys, law firms, or parties who violate this Rule, pursuant to Guam R. Civ. P. Rule 11(c). The Court is highly concerned that it appears Defendant's motion for reconsideration was filed with the Court in violation of subsections (b)(1) and (b)(3) of Rule 11. Thus the Court will separately issue an order to show cause against Defendant's counsel for said violation, in accordance with Guam R. Civ. P. Rule 11(c)(1)(B).

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant Betsy Miller's motion for reconsideration is DENIED.

SO ORDERED this _11TH_ day of March, 2014.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**